CAUSE NO. 15-05-31392-mcv

| | | |
|---|---|---|
| ANILKUMAR RAMESHBAI<br>*Plaintiff* | § § § | IN THE DISTRICT COURT |
| VS. | § § § | 293rd JUDICIAL DISTRICT |
| STATE AUTO PROPERTY AND<br>CASUALTY INSURANCE COMPANY<br>*Defendant* | § § § | MAVERICK COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ANILKUMAR RAMESHBAI**, complaining of **STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY**, and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a resident of Maverick County, Texas.

3. Defendant State Auto Property and Casualty Insurance Company is an Iowa Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent for the State of Texas: Corporation Service Corporation, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### III. JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant State Auto Property and Casualty Insurance Company (hereinafter "State Auto") because it is engaging in the business of insurance in the State of Texas. Venue is proper in this county because the insured property is situated in Maverick



AT 4:30 O'CLOCK __ M
MAY 2 9 2015
LEOPOLDO VIELMA
District Clerk Maverick County, Texas
By _____ Deputy

County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## IV. FACTS

5. Plaintiff is the owner of the Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by State Auto.

6. Plaintiff owns the insured property, located at 552 N. Comal Street, Eagle Pass, Texas 78852 (hereinafter referred to as "the Property").

7. State Auto sold the Policy insuring the property to Plaintiff.

8. On or about April 23, 2014, Plaintiff sustained extensive physical damage to the insured Property. During the late afternoon and evening hours of April 23, a strong supercell thunderstorm moved through the Eagle Pass, Texas area producing heavy rains, and damaging wind and hail.

9. Plaintiff submitted claims to the Defendant against the policy for damages to the Property as a result of the April 23, 2014 storm. Plaintiff requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

10. The Plaintiff reported the damage to the covered Property to the Defendant State Auto. The Defendant wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiff has with Defendant specifically excluded some repairs.

11. As of the date of this filing, the Defendant continues to delay in the payment for the damages to the property. As a result, Plaintiff has not been paid the full value of the damages suffered to his home.

12. Defendant State Auto failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant State Auto has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant State Auto's conduct constitutes a breach of the insurance contract between Plaintiff and Defendant.

13. Defendant State Auto has misrepresented to Plaintiff there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant State Auto's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

14. Defendant State Auto failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant State Auto's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

15. Defendant State Auto failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant State Auto failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant State Auto did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant State Auto's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code

§541.060(a)(3).

16. Defendant State Auto refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant State Auto failed to conduct a reasonable investigation. Specifically, Defendant State Auto performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant State Auto's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

17. Defendant State Auto failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant State Auto's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

18. Defendant State Auto failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. Defendant State Auto's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

19. Since the date Plaintiff presented his claim to Defendant State Auto, the liability of Defendant State Auto to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant State Auto has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant State Auto's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20. Defendant State Auto knowingly or recklessly made false representations, as

described above, as to material facts and/or knowingly concealed all or some material information from Plaintiff.

21. As a result of Defendant State Auto's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action Against Defendant State Auto

22. Defendant State Auto is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

23. Defendant State Auto's conduct constitutes a breach of the insurance contract made between Defendant State Auto and Plaintiff.

24. Defendant State Auto's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant State Auto's insurance contract with Plaintiff.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

25. Defendant State Auto's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §5411.151.

26. Defendant State Auto's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

27. Defendant State Auto's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant State Auto's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

28. Defendant State Auto's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

### Noncompliance With Texas Insurance Code: The Prompt Payment of Claims

29. Defendant State Auto's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

30. Defendant State Auto's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

31. Defendant State Auto's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

32. Defendant State Auto's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant State Auto knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### Fraud

33. Defendant State Auto is liable to Plaintiff for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as he did, and which Defendant State Auto knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### Knowledge

36. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### VI. DAMAGES

37. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

38. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct

result of Defendant State Auto's mishandling of Plaintiff's claim in violation of the laws set forth above.

39. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

40. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. Tex. Ins. Code §541.152.

41. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

42. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

44. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals

and/or the Supreme Court of Texas.

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include his past and future medical expenses, that should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. Tex. Ins. Code §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. In accordance with Rule 47, as amended, and with the information currently available, Plaintiff seeks monetary relief between $200,000.00 (two-hundred thousand) and $1,000,000.00 (one-million) dollars.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

50. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### Plaintiff's 1st Requests for Production to Defendant Farmers

51. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc. If you make claim of privilege

for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider these Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they will show themselves justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By: _____

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

Cartwright Law Firm, LLP
1300 Post Oak Blvd, Suite 760
Houston, Texas 77056
(713) 840-0950
(713) 840-0046 (fax)

Mr. Dan Cartwright
State Bar No. 03942500

Ms. Lory Sopchak
State Bar No. 24076706
Lory@dcartwrightlaw.net

ATTORNEYS FOR PLAINTIFF